IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34730-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GLENDA SHERRYETTA TUCKER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Glenda Tucker appeals her conviction for unlawful possession of a firearm, arguing the State failed to present sufficient evidence that the device found in her possession was an actual firearm as defined by former RCW 9.41.010(9) (2013). We affirm.

FACTS

The underlying facts are known to the parties and need not be recounted in detail. Pertinent to this appeal, police seized a .30-.30 rifle from the back seat of Ms. Tucker's car. At the time of the seizure, the rifle was contained in a soft, tan case. The rifle was offered by the State and admitted into evidence at trial, along with photographs of the rifle that had been taken by law enforcement. The photographs reveal the rifle was

marked with a serial number. A cooperating witness testified that Ms. Tucker had admitted to possessing a "brand new pretty gun" that bore the numbers "30-30." Report of Proceedings (July 26, 2016) at 209. The jury convicted Ms. Tucker of unlawfully possessing the firearm.

## ANALYSIS

In a sufficiency challenge, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). This court's role is not to reweigh the evidence and substitute its judgment for that of the trier of fact. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

A person is guilty of unlawful possession of a firearm in the first degree if she owns, or has in her possession or control, a firearm, and has previously been convicted of a felony. *See* RCW 9.41.040(1)(a); former RCW 9.41.010(21) (2015). A firearm is defined as a "weapon or device from which a projectile or projectiles may be fired by an explosive such as gunpowder." Former RCW 9.41.010(9). Ms. Tucker argues the State presented insufficient evidence that the rifle met this statutory definition. We disagree.

2

To prove that a device meets the statutory definition of a firearm, the State must produce evidence that the weapon at issue was a gun "'in fact' rather than a 'gunlike, but nondeadly, object.'" *State v. Tasker* 193 Wn. App. 575, 595, 373 P.3d 310 (2016) (quoting *State v. Fowler*, 114 Wn.2d 59, 62, 785 P.2d 808 (1990)). To meet this burden, the State need not show that the gun was operable at the time of the offense. Instead, it is sufficient that the device was "capable of being fired, either instantly or with reasonable effort and within a reasonable time." *Tasker* 193 Wn. App. at 594. In cases where the State does not introduce the gun into evidence, lay witness testimony can be sufficient to establish that a device possessed by the defendant was a gun in fact. Testimony that a device appeared to be a real gun and was wielded in the course of a crime "is sufficient circumstantial evidence that it is a firearm." *Id.*

Here, the State presented straightforward evidence that the device possessed by Ms. Tucker qualified as a gun "in fact" as required by statute. This is not a case where the State's evidence was limited to lay witness descriptions. At trial, the State introduced the rifle into evidence, along with corresponding photos. Although there was no testimony regarding operability or whether the rifle was loaded, the jury was able to view the rifle and assess whether it looked like a real firearm, as opposed to a plastic toy or a flimsy assortment of component parts. This court has independently reviewed the rifle

3

No. 34730-3-III
*State v. Tucker*

and affirmed that its appearance was sufficient to justify a jury determination that it was a gun in fact. Ms. Tucker's sufficiency challenge therefore fails.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, C.J.                              Korsmo, J.

4